UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

*****************************************
|  |
| LISA FEROLETO, |
|     Plaintiff |
|  |
| v.                   C. A. No. |
|  |
| ANITA PATTI, JAMES PATTI, |
| STEPHEN PATTI, and JOHN |
| PATTI,            **JURY TRIAL DEMANDED** |
|     Defendants |

*****************************************

# COMPLAINT

## INTRODUCTORY STATEMENT

1. In this action Plaintiff, LISA FEROLETO ("LISA"), seeks compensation for personal injuries and damages suffered by her, as a child, when she was sexually assaulted, abused, and raped by her brothers, Defendants JOHN PATTI ("JOHN") and STEPHEN ("STEPHEN") PATTI, at their home in Haverhill, Massachusetts, while LISA's parents, Defendants ANITA PATTI ("ANITA") and JAMES PATTI ("JAMES"), knew about the sexual abuse suffered by LISA and did not take action to protect LISA from further abuse, and actively allowed it to continue.

## PARTIES

2. Plaintiff LISA is an individual residing in Port Charlotte, Charlotte County, Florida.

3. Defendants, ANITA and JAMES, are individuals with a usual place of residence at 341 Tower Road, Vienna, Maine 04360.

4. Defendants, JOHN and STEPHEN, are individuals with a usual place of residence at 345 Tower Road, Vienna, Maine 04360.

**VENUE**

5. The Court has jurisdiction over this action pursuant 28 U.S.C. 1332, in that the Plaintiff is a citizen of the State of Florida, the Defendants are citizens of the State of Maine, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. The Court has jurisdiction over the Defendants under Massachusetts General Laws, Chapter 223A, §3, in that the Defendants, at all relevant times, lived in the Commonwealth of Massachusetts and caused tortious injury by acts and omissions in the Commonwealth of Massachusetts.

**FACTS COMMON TO ALL COUNTS**

7. Plaintiff LISA was sexually abused when she was a child under the age of 18, is presently 52 years old, and brings this action pursuant to G.L. c. 260, §4C.

8. At all times relevant to this action, Plaintiff LISA and all Defendants lived in the same household at 28 Ellen Street, Haverhill, Essex County, Massachusetts.

9. The sexual conduct of Defendants JOHN and STEPHEN with LISA was observable, and was observed by Defendants ANITA and JAMES.

10. From 1974 through 1982, starting when LISA was five years old, Defendants JOHN and STEPHEN sexually assaulted and raped her, which assaults included frequent acts of genital fondling, masturbation, oral copulation, vaginal penetration, and other attempted and threatened acts of assault.

11. The acts to which LISA was subjected by Defendants JOHN and STEPHEN were frequent, violent and painful.

12. Defendants JOHN and STEPHEN would sexually abuse Plaintiff LISA separately

and together.

13. These acts of sexual abuse occurred at their family home at 28 Ellen Street, Haverhill, Essex County, Massachusetts.

14. These acts of sexual abuse often occurred while Defendants ANITA and JAMES were home.

15. Defendant JAMES walked in on Defendant STEPHEN performing oral sex on Plaintiff LISA.

16. Defendant JAMES grabbed Plaintiff LISA and spanked her.

17. Plaintiff LISA continued to suffer from sexual abuse by Defendant STEPHEN after Defendant JAMES witnessed it.

18. Plaintiff LISA told Defendant ANITA about the sexual abuse by Defendants JOHN and STEPHEN.

19. Plaintiff LISA continued to be sexually abused by Defendants JOHN and STEPHEN after informing Defendant ANITA about the abuse.

20. Defendants JOHN and STEPHEN, by their acts of physical and sexual abuse, inflicted severe emotional distress upon the Plaintiff LISA.

21. Defendants ANITA and JAMES both knew that Defendants JOHN and STEPHEN were sexually abusing Plaintiff LISA, while she was a minor, under their supervision.

22. Defendants ANITA and JAMES, by allowing Plaintiff LISA to be sexually abused for eight years, inflicted severe emotional distress upon Plaintiff LISA.

23. As a result of the Defendants' conduct, Plaintiff LISA has been required to undergo psychological treatment and therapy, and will require this treatment and therapy in the future.

24. As a result of the Defendants' conduct, Plaintiff LISA is injured, and suffers from severe and permanent emotional injury.

25. This severe and permanent emotional injury has caused Plaintiff LISA to suffer continual emotional upset which has interfered with her education, employment, social relationships, and her daily life activities.

## COUNT 1

26. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

27. Defendants JOHN and STEPHEN assaulted Plaintiff LISA, by placing her in fear that they would engage, and would continue to engage, in unwanted sexual attacks upon her.

## COUNT 2

28. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

29. Defendants JOHN and STEPHEN battered Plaintiff LISA, by engaging in unwanted sexual attacks upon her.

## COUNT 3

30. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

31. Defendants JOHN and STEPHEN negligently inflicted emotional distress upon Plaintiff LISA.

## COUNT 4

32. Plaintiff realleges and incorporates herein the allegations contained in each and

every other paragraph of this Complaint.

33. Defendants JOHN and STEPHEN intentionally inflicted emotional distress upon Plaintiff LISA.

## COUNT 5

34. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

35. Defendants JOHN and STEPHEN interfered with Plaintiff LISA's rights under the Constitution and laws of the United States, and under the Constitution and laws of the Commonwealth of Massachusetts by threats, intimidation, and coercion.

36. Defendant JOHN's and STEPHEN's conduct deprived plaintiff LISA of her constitutional rights to bodily integrity, and to be free from sexual harassment which constitutes discrimination, based upon her gender, under both Article 1 of the Declaration of Rights, and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Defendants JOHN and STEPHEN are liable to Plaintiff in accordance with G.L. c. 12, §§11H & 11I.

37. Plaintiff LISA suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. She has incurred expenses and will likely incur future expenses for medical and psychological treatment, and has suffered loss of earning capacity.

## COUNT 6

38. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

39. Defendants ANITA and JAMES were negligent in that they knew that Defendants

JOHN and STEPHEN were sexually abusing Plaintiff LISA and failed to prevent it.

40. Plaintiff LISA suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. She has incurred expenses and/or will likely incur future expenses for medical and psychological treatment, and has suffered loss of earning capacity.

### COUNT 7

41. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

42. Defendants ANITA and JAMES conspired together, and with Defendants JOHN and STEPHEN, to prevent Plaintiff LISA from recognizing that she was being sexually abused, from reporting the acts to police, or taking any action against any of the defendants.

43. As a result, Plaintiff LISA did not understand that Defendants JOHN and STEPHEN had harmed her, and Defendants ANITA and JAMES failed to protect her from them.

### COUNT 8

44. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

45. Defendants ANITA and JAMES negligently inflicted emotional distress upon Plaintiff LISA by their failure to prevent further harm to Plaintiff LISA.

### COUNT 9

46. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

47. Defendants ANITA and JAMES intentionally inflicted emotional distress upon Plaintiff LISA by allowing Defendants JOHN and STEPHEN to sexually abuse her.

**COUNT 10**

48. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

49. Defendants ANITA and JAMES interfered with Plaintiff LISA's rights under the Constitution and laws of the United States, and under the Constitution and laws of the Commonwealth of Massachusetts by threats, intimidation, and coercion.

50. Defendant ANITA's and JAMES's conduct deprived plaintiff LISA of her constitutional rights to bodily integrity, and to be free from sexual harassment which constitutes discrimination, based upon her gender, under both Article 1 of the Declaration of Rights, and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Defendants ANITA and JAMES are liable to Plaintiff in accordance with G.L. c. 12, §§11H & 11I.

51. Plaintiff LISA suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. She has incurred expenses and will likely incur future expenses for medical and psychological treatment, and has suffered loss of earning capacity.

**RELIEF REQUESTED**

Plaintiff LISA demands judgment:

A. Against Defendants JOHN and STEPHEN on Counts 1 through 5, in an amount which is fair, just and adequate for the injuries and damages sustained, and the pain and suffering endured, plus interest, costs and

attorney's fees.

B. Against Defendants ANITA and JAMES on Counts 6 through 10, in an amount which is fair, just and adequate for the injuries and damages sustained, and the pain and suffering endured, plus treble damages, interest, costs and attorney's fees

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS.**

By her Attorney,
/s/ *Carmen L. Durso*
CARMEN L. DURSO, ESQUIRE
BBO # 139340
Law Office of Carmen L. Durso
175 Federal Street, Suite 505
Boston, MA 02110-2211
617-728-9123  / *carmen@dursolaw.com*
August 1, 2022